HERBERT M. KINSLEY

V.

THE INTERNATIONAL MILITARY ENCAMPMENT COM-
PANY, FOR USE, ETC.

*Contracts—Subscription—Recovery of.*

1. The fact that more is proved in a given case than is alleged, is no variance, if it does not contradict what is alleged.

2. In an action brought to recover a sum subscribed in aid of a given enterprise, the consideration which supports the promise, is expenditure by the promisee on the faith of the subscription.

3. An exception to a refusal to instruct the jury in a given suit, when the plaintiff rests his case, to find for the defendant, is waived, if he goes into evidence thereafter.

4. In the case presented, this court holds that the amount subscribed by the defendant was intended for dollars.

[Opinion filed July 23, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. FRANK J. LOESCH and C. A. ALLEN, for appellant.

Our Supreme Court has passed upon a number of cases of this character.

In Thompson v. Supervisors, 40 Ill. 379–384, it was held that Thompson's subscription of $3,000 to the board of supervisors of Mercer county, upon condition that the court house be removed to Aledo, was enforcible, as the removal was made. After subscribing, Thompson had issued a circular to the voters urging the removal because of his subscription and the land already conveyed by him to the county at Aledo for a new court house. He was the owner of the land platted as the town of Aledo.

The court, per Breese, J., say, p. 385: "Where advances have been made, or expenses or liabilities incurred by others in consequence of such subscriptions, before any notice of

withdrawal, this should, on general principles, be deemed sufficient to make them obligatory, provided the advances were authorized by a fair and reasonable dependence on the subscriptions." * * *

" The doctrine, we believe, is that any benefit accruing to the promisor is a sufficient consideration to support a promise."

In Hudson v. Green Hill Seminary, 113 Ill. 618, appellant had given a note for $1,000, payable on presentation of a certificate that appellee had raised $10,000 for the endowment of a professorship. This certificate was presented and the court held Hudson liable, but in doing so they took different ground from that in the Thompson case. At page 628, Scholfield, C. J., says:

" The real consideration upon which plaintiff is entitled to recover, in such cases is, that it has expended money, furnished materials, or bestowed labor upon the faith of the promise in writing, and not any special benefit derived or expected to be derived by the promisor from the corporation."

In County Commissioners v. Jones, Breeze, 103, it was held that a subscription for the purpose of building a court house was invalid and without consideration. The court also held that it was not reciprocal, as the commissioners did not agree to build a court house. It was also said that "a promise to pay the commissioners to do an act which they were required to do by law, is against public policy and void."

When the Thompson case was decided, and in reviewing the Jones case, Breese, J., said that Jones was held not liable, because the contract of subscription was not made with the commissioners as a court, but he does not say that the decision was incorrect as made on the facts stated in Breese's report.

In McClure v. Wilson, 43 Ill. 356, Wilson was held liable to McClure on the following paper:

" We, the undersigned, agree to give the amount set opposite our names, for the purpose of procuring substitutes for the drafted men of Douglas township."

Defendant had placed his name underneath for $400, and plaintiff had advanced the money to procure the substitutes,

thereby freeing Wilson's son from liability to service in the army.

The court rests its decision on the following prior cases :

Roberts v. Marsh, 3 Scam. 198, where a subscription for the erection of " the church at the Bethel Camp Ground," was held enforcible by the mechanic who had erected the church at that place. Cross v. Pinckneyville Mill Co., 17 Ill. 54, and T. & P. R. R. Co. v. McNeely, 21 Ill. 71, which were subscriptions to the capital stock of proposed corporations whose organization as such was afterward lawfully perfected.

Prior v. Cain, 25 Ill. 263, was upon a subscription paper signed by defendant (and others), by which he bound himself to pay $20 for the "building of a church in Adams county for the use of the Christian Church," on the faith of which plaintiffs, as a building committee, erected the church and were held entitled to recover.

Griswold v. Trustees Peoria University, 26 Ill. 41, was an action on the following paper:

"We, the subscribers, agree to pay the sum set opposite our respective names for the erection of a building and in defraying the expenses of putting in operation the college of the synod of Illinois, at Peoria, to be paid as the money shall be required to meet the expenditures as incurred for the purposes aforesaid."

The court held defendant liable, on the ground that the subscription was made in anticipation of a charter, and that the corporation incurred liability on the strength of defendant's subscription; a suit for money paid, laid out and expended would be proper, and the court say the company or college of the synod is a proper promisee, and the promise of the subscribers is good to them as a third person, who, on the faith of it, had ncurred expense and liabilities, and he ought in justice to pay it.

The court, per Breese, J., says:  "But it is said there was no promisee, nor was there any in Prior's case, in Robertson's case, or in Griswold's case.  They who advanced money, did work, or furnished materials were proper promisees and payees."

Following the McClure and Wilson case in the 43d Illinois
Reports, came Trustees v. Garvey, 53 Ill. 401.   The defend-
ant subscribed toward the payment of a debt due for building
a church, and the trustees afterward, as a corporation, but on
the faith of the subscription list, borrowed money to pay the
church debt, upon which facts defendant was held liable.

Justice Lawrence says:   "As a matter of public policy,
courts have been desirous of sustaining the legal obligation of
subscriptions of this character, and in some cases, as in George
v. Harris, 4 N. H. 535, have found a sufficient consideration
in the mutuality of the promises, where no fraud or deception
has been practiced.    But while we might be unwilling to go to
that extent, and might hold that a subscription could be with-
drawn before money has been expended or liability incurred
or work performed on the strength of the subscriptions and
in furtherance of the enterprise, yet we are of opinion that
this case falls within the rule established in this court (*vide*
McClure v. Wilson, 43 Ill. 356).   Although the church trus-
tees have not increased their liability, they have incurred a
new liability to new parties."   *   *   *

The next case is Pratt, Adm'x, v. Trustees Baptist Society,
93 Ill. 475.   Pratt gave notes as a voluntary subscription to
pay for a church bell.   When the notes matured he asked for
further time and after that died; after his death a church bell
was procured on the faith of these notes: *held* that there was
no liability.   That the notes were a mere promise of a gift
which his death revoked.   The court say:   "Collection of
the notes can not be enforced as a promise to make a gift."
Pope v. Dodson, 58 Ill. 360;  Blanchard v. Williamson, 70
Ill. 647.

"Where notes are given by way of voluntary subscription,
to raise a fund or promote an object, they are open to the
defense of a want of consideration, unless money has been
expended or liabilities incurred which, by a legal necessity,
must cause loss or injury to the person so expending money
or incurring liability, if the notes are not paid."   Parson on
Bills and Notes, Vol. 1, 202;  Pars. on Conts., 377, *et seq.*

"And so it has been held that the payee of a promissory

note, given to him in the expectation of his performing service, but without any contract binding him to serve, can not maintain an action upon it." Hulse v. Hulse, 17 C. B. 711; 84 Eng. Com. Law, 709.

Baptist Education Society v. Carter, 72 Ill. 247, was a suit upon the subscription or donation of $250 by Carter, payable to plaintiff when the sum of $75,000 should be given for the like purpose.

The court say that to avail of the condition in defendant's subscription the plaintiffs were required to expend time, labor and perhaps money in raising the additional $75,000, and as they averred they did so, there was in morals and law a good consideration for defendant's promise, and so held him liable.

Vierling v. Horton, 27 Ill. App. 263, was a suit upon a note given as a donation to church mission purposes. The maker was held liable.

Hall v. City of Virginia, 91 Ill. 535, was upon a subscription by Hall, with others, to pay money for the purpose of building a house to be donated as a court house to Cass County. The house was built by the City of Virginia, the county seat was removed to that city, and the building was leased to Cass County for ninety-nine years without rent; held, that Hall was liable on his subscription on authority of McClure v. Wilson, 43 Ill. 356.

In Presbyterian Church v. Cooper, 112 N. Y. 517, 8 Am. St. Rep. 767, a subscription on consideration of one dollar to pay a certain sum toward the debt of plaintiff's church, on express condition that $45,000 be raised for that purpose, was held void for want of consideration. The one dollar was not, in fact, paid, and the recital of that fact was held disprovable. The court cite with approval Hamilton College v. Stewart, 1 N. Y. 581; Cottage Street M. E. Ch. v. Kendall, 121 Mass. 528.

Messrs. CRATTY BROS. & ASHCRAFT, for appellee.

Any word, mark, line, dot or sign, which shows with reasonable certainty that the parties intended the figures to represent money is sufficient. Gilpatrick v. Foster, 12 Ill. 354;

Hunt v. Smith, 9 Kas. 140; Hines v. Chambers, 29 Minn. 7; De Lashmutt v. Sellwood, 10 Ore. 319; Booth v. Wallace, 2 Root, 247; Northrop v. Sanborn, 22 Vt. 433; Murrill v. Handy, 17 Mo. 406; State v. Schwartz, 64 Wis. 432.

A subscription contract, promising aid to some projected enterprise, not unlawful, is binding on the promisor, even though he do not derive or expect to derive any benefit therefrom. The doing of work or expending of money on the faith of such subscription is a sufficient acceptance and consideration, and the party doing such work or expending the money may recover. 1 Par. on Cont. (6 Ed.) 452; Cottage St. M. E. Church v. Kendall, 121 Mass. 528; Thompson v. Supervisors, 40 Ill. 379; Hudson v. Green Hill Seminary, 113 Ill. 618; McClure v. Wilson, 43 Ill. 356; Robertson v. March, 3 Scam. 198; Cross v. Pinckneyville Mill Co., 17 Ill. 54; T. & P. R. R. v. McNeely, 21 Ill. 71; Prior v. Cain, 25 Ill. 292; Griswold v. Trustees, 26 Ill. 41; Trustees v. Garvey, 53 Ill. 401; Pratt v. Trustees, 93 Ill. 475; Baptist Society v. Carter, 72 Ill. 247; Vierling v. Horton, 27 Ill. App. 263; Hall v. City, 91 Ill. 535.

GARY, J. We deem it unnecessary to go through the instructions given and refused in this case, but on the undisputed facts will affirm the judgment.

The appellees were incorporated in April, 1887. About the same time, but whether in fact before or after the incorporation was completed, we deem unimportant (Hudson v. Green Hill Seminary, 113 Ill. 618), a subscription paper was circulated by representatives of the company, and signed as follows:

"Whereas, in pursuance of the wishes of a large number of the prominent citizens of Chicago, an association (of which Ex-Gov. John L. Beveridge is president) has been formed for the purpose of inaugurating and carrying out an International Military Encampment, on a large scale, in or near Chicago, in September or October, 1887, which is the semi-centennial year of the city; and

"Whereas, the successful carrying out of the said encamp-

Kinsley v. International Military Encampment Co.

ment and celebration is expected to be of great benefit to the city and its business, and can only be properly and creditably accomplished by the expenditure of large sums of money.

"Now, therefore, we, the undersigned, do hereby subscribe the sums set opposite our respective names, and agree to pay the same to the treasurer of the 'International Military Encampment Company, of Chicago, Illinois,' upon the call of the directors of the said company, the sums so subscribed and paid to be used at the discretion of the said directors in carrying out the said encampment and celebration, and in the event of the amount of money so subscribed, being deemed by the directors to be insufficient for carrying out said encampment in all its details, the subscriptions hereto made shall not be binding upon the subscribers."

| NAMES. | AMOUNTS. |
|---|---|
| Palmer House (two thousand) | $2,000 00 |
| The Richelieu Hotel Co., H. V. Bemis, President | 1,000 00 |
| McCoy's Hotel, William McCoy | 500 00 |
| Leland Hotel, Warren F. Leland | 1,000 00 |
| Briggs House, Frank Murran | 3,000 00 |
| Commercial Hotel, C. W. Dabb & Co. | 500 00 |
| Drake, Parker & Co. | 1,500 00 |
| H. M. Kinsley | 500 00 |
| Thompson's Restaurant, A. Cummings | 500 00 |
| Willoughby, Hill & Co | 500 00 |
| Charles Kern | 300 00 |
| H. H. Kohlsaat | 500 00 |
| Rector's Oyster House | 150 00 |
| Wm. Werner & Co | 200 00 |
| E. B. Smith | 200 00 |
| Lansing & Sickler | 200 00 |
| Race Bros | 150 00 |
| A. Booth & Son | 100 00 |
| Sturckow & Kedish (Vienna Bakery) | 100 00 |
| A. B. Young, Anna House | 50 00 |
| E. A. Bachelder, Southern Hotel | 200 00 |
| J. W. Boardman & Co., Hotel Woodruff | 200 00 |

| | |
|---|---|
| Albaugh House, Albaugh & Carr......... | $150 00 |
| Hotel Brevoort, Field & Hubbard....... | 200 00 |
| J. M. Haslett & Co., Deming Hotel...... | 100 00 |
| C. Pirrung, Massasoit Hotel............ | 100 00 |
| Raggio Bros., St. Charles Hotel......... | 100 00 |
| E. Philbrick & Son, Clarendon House... | 100 00 |

RESTAURANTS.

| | |
|---|---|
| Batchelder's Restaurant................ | 150 00 |

HOTELS.

| | |
|---|---|
| Gault House, Roders & Welch........... | 200 00 |
| City Hotel, W. F. Orcutt.............. | 100 00 |
| Columbus Hotel, S. S. Buckley......... | 100 00 |
| Washington Hotel, M. J. Henderson (if there) ............................ | 100 00 |
| Farwell House, E. S. Pinney............ | 100 00 |
| Hotel Royal, R. E. Gallup.............. | 100 00 |
| Mrs. M. J. Spiking (pay in Sept.)....... | 100 00 |
| D. A. Darley......................... | 100 00 |
| Thos. A. Dean (conditionally on being in business) ........................... | 100 00 |
| Thos. S. Brown, pay in July and August | 100 00 |
| N. D. Laughlin, Laughlin's European Hotel | 100 00 |
| Garden City, George E. Macschane...... | 100 00 |

RESTAURANTS.

| | |
|---|---|
| Brockway & Milan.................... | 150 00 |
| J. D. Fanning, Revere House........... | 100 00 |
| W. J. Kuhns & Son................... | 100 00 |

The company expended large sums of money, and incurred liabilities yet unpaid, in the enterprise. The total expenses, including prizes offered, exceeded the capital stock, subscriptions and gate receipts. There is some evidence of representations by the person procuring the appellant's subscription as to what would be done, but no bad faith nor misrepresentation of existing facts is charged.

In the nature of things such an enterprise is based upon sanguine expectations of pleasing results.

He paid $200, refused to pay the residue of his subscription, and they sued him in assumpsit, and recovered.

On the trial, the appellant objected to the subscription paper, on the ground of variance, the signatures of all the other subscribers being unnoticed in the declaration. The court overruled the objection and the appellant excepted. The paper was then read, and the appellees took leave to amend by adding the names, but it does not appear that they ever did it, nor was it necessary. 1 Greenl. on Ev., Sec. 67.

More was proved than alleged, which is no variance, if it does not contradict what is alleged.

When the appellees rested their case, the appellant asked the court to instruct the jury to find for him, and now argues that there is nothing to show that the 500 he subscribed was dollars. It does not appear that he thought of that in the court below; in fact the record say "it is admitted that there is a credit of $200 upon the subscription of $500."

Perhaps, however, that is to be understood as admitted only by the appellees. As the appellant went into evidence afterward, his exception to the refusal of that instruction is waived. Joliet, etc., Ry. v. Velie, 26 N. E. R. 1086.

Nevertheless the question is in the case, in another way, and must be considered.

Referring to the subscription paper, it is seen that the preamble speaks of "the expenditure of large sums of money," and therefore the subscribers "subscribe the sums set opposite" their names, and another place speaks of "the amount of money subscribed," and the column of figures is headed "amounts." It is clear that by the judicial, as well as business, mind, those amounts should be considered money. In the United States of America, the dollar is the unit of money; cents are the hundredths of that unit; and sums of money are expressed in dollars and cents only, pointed off as here, to separate the whole numbers from the hundredths. Hunt v. Smith, 9 Kans. 137.

Contracts of parties are to be enforced as they intended them, and no one can doubt what the intention was, and that the parties subscribing meant dollars. The serious difficulty in the case, which has always troubled courts in like cases, is to find, consistently with rules of law, a consideration to support the promise of the appellant.

268    APPELLATE COURTS OF ILLINOIS.

VOL. 41.]    Richelieu Hotel Co. v. Int. Military Encampment Co.

It is probable that the nations did not encamp to the extent hoped for, and that the hungry hordes he expected to feed did not come, so that he has not realized the benefit he promised himself, and it is hard to pay for a dead horse; but the authorities are that the consideration which supports the promise is, as in this case, expenditure by the promisee on the faith of the subscription. Hudson v. Green Hill Seminary, 113 Ill. 618.

The contingency "of the amount of money so subscribed being deemed insufficient," is a condition subsequent, and of it there is no evidence.

*Judgment affirmed.*