## Dominic Botto v. Raymond Ringwald.

1. MECHANICS' LIENS—*Statutory Notice Requisite.*—A person contracted with a builder to furnish mill work for a house for a named sum; becoming dissatisfied he refused to go on with the contract, but agreed with the owner to furnish the materials upon his promise to pay for them. As the contract was for one amount for many articles and the owner's promise was to pay, if the materials were delivered according to the contract, it was held that the party furnishing the material could not, in the statutory notice required to be filed with the clerk of the Cir-

cuit Court, put a value or price upon the several items furnished, as, under the contract, one price was agreed upon for all.

2. SAME—*Requisites of the Notice—Dollar Mark.*—A notice for a mechanic's lien under the statute, if otherwise sufficient, is not invalid because there is no dollar mark opposite the figures showing the value or price of material furnished, where the figures are in ruled columns, and it clearly appears that those representing cents are in the column to the right of those representing dollars.

**Petition for a Mechanic's Lien.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1895. Affirmed in part and reversed in part. Opinion filed October 31, 1895.

W. T. BURGESS, attorney for appellant.

COLEMAN WILLIAMS & LINDEN, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a petition for a mechanic's lien, appellant having made a contract with one Charles Wulff to furnish the materials and do the carpenter work upon a house about to be built by appellant. Wolff contracted with the appellee to furnish the mill work, including stairs for said building, for the sum of $1,450.

The master has found that appellee, under this contract, furnished materials of the value of $63.68 which were not paid for, and then, being fearful that he would not get his pay, declined to go on with his contract; that thereupon he saw appellant and agreed with him to furnish materials upon the promise of appellant to pay for the same, and that deducting from the value of the total material not paid for, that supplied prior to the arrangement of appellee with appellant, there is now due to appellee from said Botto the sum of $665.52.

According to the testimony of appellee's bookkeeper, which as to amounts seems undisputed, the total value of the materials delivered to appellant by appellee was $1,229.20, upon which appellant has paid $500, leaving a balance of $729.20; deducting from this sum $63.68, the

value of material which the master finds was delivered prior to the promise of appellant to appellee, leaves the amount of $665.52.

We do not find in the record of this cause any sufficient warrant for setting aside the conclusion of the master and court as to the facts of this case.

The clear preponderance of the evidence sustains the master's finding. There were reasons why appellant should have promised to pay appellee, as well as those set forth by counsel to show why appellant would not have made such promise.

As the contract with Wulff was not for special sums for particular items, but for one amount for many articles, and as appellant's promise was merely to pay if appellee would deliver according to such contracts, appellee could not, in the statutory notice by him filed with the clerk of the Circuit Court, put a price or value to the several items thereof; under the contract the several items had not a separate price or value; one price for all was agreed upon.

In the notice there is no dollar mark opposite the figures showing the value or price; but the figures are in ruled columns, and it clearly appears that those representing cents are in the column to the right of those representing dollars. No business man, indeed no person of fair intelligence and education, looking at this notice, would have any doubt as to what the figures mean; why, then, should a master or court affect to be ignorant of what is clearly communicated, or declare that the notice does not give information, which it plainly does ? Kinsley v. International Military Encampment Co., 41 Ill. App. 259–267.

We regard the amendment to the petition as material, but see no reason why it should not have been permitted. Culver v. Scroth, 155 Ill. 437.

No notice to begin suit was given by appellant to appellee, and therefore the provisions of section 32 of the mechanic's lien statute do not apply.

According to the record here filed the statement in the verification of the notice filed with the clerk of the Circuit

Court is that the sum of $723.20 is due; deducting from this $63.68, leaves $659.52 as the amount which the master should have found.   Add interest from February 27th to June 26th, at five per cent per annum, $10.90, and the total makes the sum of $670.40.

The decree of the court below as to the amount for which a lien was awarded is set aside and a decree here entered for the sum of $670.40, with interest at five per cent per annum from February 27, 1895; in all other respects the decree of the Circuit Court is affirmed.

Appellant will recover his costs in this court.   Reversed in part and affirmed in part.